### GEORGE KINNEY AND F. O'FARRELL v. STATE OF OHIO

1. SUFFICIENCY OF PETITION.

   In an action for the recovery upon a forfeited recognizance, it will be sufficient if the petition sets forth exactly what was done to constitute the forfeiture, and it is not necessary for the petition to allege that the bond was duly forfeited.

2. RECOVERY OF INTEREST.

   A recognizance being a promise to pay the money on condition broken, draws interest from the time when it becomes due, which is from the date of its forfeiture.

KING, J.

This proceeding is brought to reverse the judgment of the court of common pleas, which was rendered against the defendant upon a recognizance for $330.00. It is urged here as a reason why this judgment should be reversed that the petition does not show that the case in which the recognizance was given was continued, from one day to another, the period of time for which the bond was entered. We are of the opinion that the pleading by averring that defendant entered into recogizance to appear at the same court at a certain other day is sufficient without showing that the justice or magistrate adjourned the case.

7 Dec.

Another ground of objection is that the petition does not allege the forfeiture was duly made pursuant to a statute which provides that in pleading a judgment or other determination of a court it shall be sufficient to state that the same was duly made or rendered, but the amended petition upon which judgment was taken in this case sets forth exactly what was done to forfeit this bond.

It makes the allegation that the bond was thereupon forfeited, does not say duly forfeited, but having set forth the facts that on the hour and time named in the recognizance defendant did not appear and continued to absent himself for more than one hour thereafter, and thereupon the names of the sureties were called at the door of the office and they came not, and thereupon the justice declared the bond was forfeited, this would constitute a due forfeiture of the bond, and would not require an allegation in the pleading that it was duly forfeited. It is also claimed that the petition shows that the recognizance itself does not set forth an offense. We think this is true, that the recognizance does not describe any statutory offense. The offense described in the recognizance is that the defendant was charged with passing counterfeit coins.

There is no crime described in just so many words in the statute, but the amended petition sets forth exactly what he was charged with at the time that the recognizance was given and in 6th Ohio Reports, page 254, the court in passing upon recognizance say, "it is contended by the defendants that this recognizance is in too general terms; is void for uncertainty, and therefore, not matter of record on which an action can be sustained. The condition as set out in the declaration, is that the said William Dawson appear here, from day to day, during the present term, to answer what may be objected against him, and not depart without leave.

This is in the usual form, and no substantial objection to it is perceivable. It is unnecessary to specify any charge in the recognizance which had been made against the accused, and for which alone he is to appear and answer, although it is necessary to aver in declaring on such a recognizance that the defendant was in the custody on an accusation for some offense, or had been charged with some crime, before the court could hold him legally responsible for having forfeited his recognizance."

That was a decision when we were under the old forms of pleading and practice, yet it was there held to be unnecessary to describe any offense in the recognizance itself. Directly in line with that is a decision of the New York court of appeals referred to here in 26th N. E. Reporter, page 469, in which they hold under provisions of their code, etc. (Judge King reads from 26th N. E. Reporter).

We have such provision in our civil code, so we think this objection is not good upon that ground, it is also said there was judgment here for interest but we are inclined to believe that is correct. It is said or stated that this sum is not fixed, that is to say, it is within the power of the court to reduce it.

The Statute authorizes in two different sections that the court on presentation of case like this may reduce the bond or amount, or in one section provides that they may reduce it entirely if defendant appears and in the other the court may reduce it in accordance as the facts may show right and justice to be, but that is not a sufficient reason for holding that the bond does not draw interest. It is a promise to pay the money on condition broken and we think draws interest from the time when due. Therefore judgment will be affirmed.